**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| EUGENE WRIGHT, #B09564, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 3:22-cv-01765-RJD |
| | ) | |
| DAVID VAUGHN and | ) | |
| DEANNA BROOKHART, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Eugene Wright, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center, where he is currently housed.  This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff makes the following allegations in the Complaint (Doc. 1):  From April 2018 to April 2019, Plaintiff sent multiple request slips to the Lawrence Correctional Center Chaplain

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

Department to have his name added to the Muslim Service list.  He submitted more requests to have his name added for Jum'ah Services but he was not added until November 2019.  During the same time, he sent multiple requests slips to receive a religious diet, which he did not receive until January 2022.  He invokes RLUIPA (the Religious Land Use and Institutionalized Persons Act) and asserts claims against Chaplain David Vaughn and Warden Deanna Brookhart.

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[2]

Count 1:    First Amendment claim against Defendants Vaughn and Brookhart for substantially burdening Plaintiff's practice of religion by denying and/or ignoring his requests to attend religious services from April 2018 to November 2019.

Count 2:    First Amendment claim against Defendants Vaughn and Brookhart for substantially burdening Plaintiff's practice of religion by denying and/or ignoring his requests to receive a religious diet from April 2018 to January 2022.

Count 3:    Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendants Vaughn and Brookhart for substantially burdening Plaintiff's practice of religion by denying and/or ignoring his requests to attend religious services from April 2018 to November 2019.

Count 4:    Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendants Vaughn and Brookhart for substantially burdening Plaintiff's practice of religion by denying and/or ignoring his requests to receive a religious diet from April 2018 to January 2022.

**Counts 1 and 2**

"A prisoner is entitled to practice his religion insofar as doing so does not unduly burden

---

[2]Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). To state a claim under the free exercise clause of the First Amendment, a plaintiff must set forth facts sufficient to allege that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).  Here, the allegations in the Complaint are sufficient for Plaintiff to proceed on the claims in Counts 1 and 2 against Chaplain Vaughn.   However, there are no allegations suggesting Warden Brookhart is personally responsible for allegedly violating Plaintiff's constitutional rights, and she cannot be held liable based solely on her position as an administrator because the doctrine of *respondeat superior* does not apply to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Accordingly, the claims in Counts 1 and 2 against Warden Brookhart will be dismissed.

## Counts 3 and 4

Inmates are afforded broad religious protections under RLUIPA, which prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C.A. § 2000cc-1; *Schlemm v. Wall*, 784 F.3d 362, 363 (7th Cir. 2015).  The relief available under RLUIPA is injunctive; it does not authorize monetary damages.  *Sossamon v. Texas*, 563 U.S. 277, 287 (2011); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).  Nor does RLUIPA permit a cause of action against state employees; it permits relief only against "governmental bodies that receive funds and accept the conditions attached by the statute." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011).  Consequently, Deanna Brookhart, in her official capacity as the Warden of Lawrence Correctional Center, is the proper defendant for any injunctive relief Plaintiff may be seeking.  *See Gonzalez v. Feinerman*, 663 F.3d

311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).  Further, for these reasons, the claims in Counts 3 and 4 against Vaughn will be dismissed with prejudice.

### DISPOSITION

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, the First Amendment claims in Counts 1 and 2 will proceed against David Vaughn and the RLUIPA claims in Counts 3 and 4 will proceed against Deanna Brookhart, in her official capacity as the Warden of Lawrence Correctional Center. The claims against Brookhart in Counts 1 and 2 are **DISMISSED without prejudice** and the claims against Vaughn in Counts 3 and 4 are **DISMISSED with prejudice**.

The Clerk of Court shall prepare for David Vaughn (individual capacity) and Deanna Brookhart, in her official capacity as the Warden of Lawrence Correctional Center: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, regardless of his *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.**  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 18, 2023**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any**

motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.