IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE WRIGHT, #B09564,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:22-cv-01765-RJD |
| ) | |
| **DAVID VAUGHN,** ) | |
| **DEANNA BROOKHART,** ) | |
| **JOHN/JANE DOE (Food Supervisors), and** ) | |
| **ASST. WARDEN BROWN,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Now before the Court for a merits review is Plaintiff Eugene Wright's First Amended Complaint (Doc. 24). The Court is required to screen prisoner Complaints to filter out nonmeritorious claims and must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A.[1]

Based on Plaintiff's original Complaint (Doc. 1), he was allowed to proceed on the following claims that arose during his incarceration at Lawrence Correctional Center:

Count 1: First Amendment claim against Defendant Vaughn for substantially burdening Plaintiff's practice of religion by denying and/or ignoring his requests to attend religious services from April 2018 to November 2019.

Count 2: First Amendment claim against Defendant Vaughn for substantially burdening Plaintiff's practice of religion by denying and/or ignoring his requests to receive a religious diet from April 2018 to January 2022.

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

| | |
|---|---|
| Count 3: | Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendant Brookhart (in her official capacity, injunctive relief only) for substantially burdening Plaintiff's practice of religion by denying and/or ignoring his requests to attend religious services from April 2018 to November 2019. |
| Count 4: | Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendant Brookhart (in her official capacity, injunctive relief only) for substantially burdening Plaintiff's practice of religion by denying and/or ignoring his requests to receive a religious diet from April 2018 to January 2022. |

(Doc. 17, pp. 2-4).

## THE FIRST AMENDED COMPLAINT

This pleading includes identical allegations as in the original Complaint regarding Defendant Vaughn ignoring Plaintiff's requests to be added to the Muslim Service list and the Jum'ah Service list between April 2018 and November 2019. (Doc. 24, p. 5). Likewise, Vaughn did not respond to Plaintiff's multiple requests for a religious diet until January 2022. *Id.* Plaintiff now specifies that he asked for a religious Halal diet, and in January 2022 he received a religious Kosher diet. (Doc. 24, p. 5).

Plaintiff adds new allegations that inmates were advised to send a request to Assistant Warden Brown before the start of Ramadan[2] if they wished to participate, because there was not a chaplain at Lawrence at the time. (Doc. 24, p. 6). Plaintiff made his request to Brown. However, the Ramadan trays did not provide sufficient portions or nutrition to meet daily caloric needs, so Plaintiff had to rely on his personal commissary food supplies. Finally, Plaintiff never received his tray for the Eid Al Adha. (Doc. 24, p. 6). He seeks money damages against Brown and the Jane and/or John Doe Second Shift Food Supervisor(s) for these violations, invoking the First and

---

[2] Ramadan in 2022 began on Saturday, April 2 and ended at sundown on Sunday, May 1, 2022. Https://www.calendardate.com/ramadan_2022.htm.

Fourteenth Amendments and RLUIPA.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court adds the following claim to the original four counts in this *pro se* action:[3]

Count 5: First Amendment claim against Defendant Brown and the John/Jane Doe Second Shift Food Supervisor(s) for substantially burdening Plaintiff's practice of religion by providing inadequate food portions during Ramadan in 2022 and failing to provide Plaintiff with a food tray for Eid Al Adha.

### Count 5

"A prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). To state a claim under the free exercise clause of the First Amendment, a plaintiff must set forth facts sufficient to allege that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).

During Ramadan, participants fast from dawn until sunset and break the fast after sunset. Plaintiff's claim that this religious practice was burdened by the failure to provide him with adequate nutrition during his non-fasting hours survives merits review at this juncture. The First Amendment claim in Count 5 may proceed against Defendant Brown and the John/Jane Doe Defendant(s).

Plaintiff shall note that he must file a motion to substitute the actual names of the unknown Food Supervisor(s) before they can be served with notice of this lawsuit.[4]

---

[3] Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

[4] The Court observes that Plaintiff's Exhibit at Doc. 24, p. 39, references "FSM Kohn" as having stated that the Eid meal was provided to all Ramadan participants.

**JOHN/JANE DOE DEFENDANTS**

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the unknown John/Jane Doe Second Shift Food Supervisor(s), in accordance with the discovery order that will be entered by the Court. When the names of the unknown Defendant(s) are discovered, Plaintiff must file a motion to substitute the newly identified Defendant(s) in place of the generic designations in the case caption and throughout the Complaint.

**PENDING MOTION**

Plaintiff's Motion for Recruitment of Counsel (Doc. 19) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motion demonstrates that he has satisfied the first of these, by making a reasonable attempt to obtain counsel. (Doc. 19, pp. 3-5). However, it appears that Plaintiff is competent to litigate the case himself at this stage. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Plaintiff states that his education includes some college, and his pleadings are clear, well-organized, and competently articulate his legal claims. (Doc. 19, p. 1). Further, at this early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged."). Not all Defendants have been served, no Defendant has answered, and a discovery schedule has not been entered. Although the motion is denied at this juncture, Plaintiff may renew his request for counsel if necessary, as the case progresses.

**DISPOSITION**

As previously ordered (Doc. 17), the First Amendment claims in Counts 1 and 2 are proceeding against David Vaughn and the RLUIPA claims in Counts 3 and 4 are proceeding against Deanna Brookhart, in her official capacity as the Warden of Lawrence Correctional Center. The First Amendment claim in Count 5 survives § 1915A review and will also proceed against Defendant Assistant Warden Brown and the John/Jane Doe Second Shift Food Supervisor(s).

The Clerk of Court shall prepare for Assistant Warden Brown (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 24), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 22, 2023

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**
